UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PETER DAVIS,<br><br>Defendant. | Case No. 12-cr-00119-SI-1<br><br>**ORDER DENYING GOVERNMENT'S MOTION TO STAY AND SCHEDULING § 2255 MOTION FOR HEARING ON NOVEMBER 4, 2016 AT 11:00 AM**<br><br>Re: Dkt. No. 1631 |

Defendant, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. 2255 based on the Supreme Court's decision in *Johnson v. United States*, 576 U.S.___, 135 S. Ct. 2551 (2015) ("*Johnson II*"). On January 29, 2013, this Court sentenced defendant for the three counts to which he had plead guilty: (1) Count One: A Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d); (2) Count Twenty-Eight: Robbery Affecting Interstate Commerce, in violation of 18 U.S.C. § 1951(a); and (3) Count Twenty-Nine: Use/Possession of Firearm in Furtherance of Crime of Violence, in violation of 18 U.S.C. § 924(c). Dkt. No. 1606-1. The Court imposed a total term of imprisonment of 135 months. *Id.* at 2. The term consisted of "51 months on each of Counts One and Twenty-Eight (to run concurrently to each other), and 84 months on Count Twenty-Nine, to run consecutively to Counts One and Twenty-Eight." *Id.* Defendant has been in federal custody since May 24, 2012, and has served over 52 months of his sentence.

Defendant's § 2255 motion contends that his conviction and 84 month sentence for Count Twenty-Nine must be set aside because after *Johnson II*, a Hobbs Act robbery no longer satisfies the "crime of violence" definitions associated with § 924(c). The government has filed a motion

1  to stay due to the Supreme Court's recent grant of certiorari in *Lynch v. Dimaya*, 2016 WL
2  3232911 (Sep. 29, 2016).  The government asserts that a stay is in the interest of judicial
3  efficiency because defendant's § 2255 motion relies heavily on the Ninth Circuit's decision in
4  *Dimaya*.  *Dimaya* held that the "residual clause" in 18 U.S.C. § 16(b), as incorporated into the
5  Immigration and Nationality Act's ("INA") definition of "aggravated felony," 8 U.S.C.
6  § 1101(a)(43)(F), is unconstitutionally vague in light of the Supreme Court's decision in *Johnson*
7  *II*.  *Dimaya*, 803 F.3d at 1120.

8       The Court finds that a stay is not appropriate because defendant could be sentenced to time
9  served if his § 2255 motion is successful.  Further, briefing on the § 2255 motion has recently
10 been completed and thus is ready for decision.  The Court schedules a hearing for November 4,
11 2016 at 11:00 a.m. on defendant's § 2255 motion.

**IT IS SO ORDERED**.

Dated: October 14, 2016

_____
SUSAN ILLSTON
United States District Judge