UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>PETER DAVIS,<br><br>    Defendant. | Case No. 12-cr-00119-SI-1<br><br>Case No. 16-cv-02524-SI<br><br>**ORDER DENYING DEFENDANT PETER DAVIS' MOTION UNDER 28 U.S.C. § 2255 AND DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 1606 |

Defendant Peter Davis' motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 is scheduled for a hearing on November 4, 2016. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is suitable for resolution without oral argument and VACATES the hearing. For the reasons discussed below, the Court DENIES the motion and DENIES a certificate of appealability.

**BACKGROUND**

On July 31, 2012, a grand jury in the Northern District of California returned a 33-count second superseding indictment charging Davis and eighteen other individuals with crimes related to the activities of the 500 Block/C Street gang. Davis was charged with one count of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One); one count of conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) (Count Two); one count of conspiracy to commit assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(6) (Count Three); one count of Hobbs Act robbery, in violation of 18 U.S.C.

§ 1951(a) (Count Twenty-Eight); and one count of use/possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Twenty-Nine).[1]

The facts underlying the Hobbs Act robbery are as follows. According to the Presentence Report ("PSR"), shortly before 4:30 a.m. on February 17, 2012, Davis entered a 7-Eleven convenience store in San Bruno, California. *See* Dkt. No. 1606-2 ¶ 54. Davis pulled out an Intratec TEC-9 semi-automatic handgun, pointed it at the cashier, and demanded "all the money." The cashier took approximately $400-$500 from the cash register and put it on the counter. *Id.* While still pointing the gun at the cashier, Davis grabbed the money and fled the store. The cashier then activated an alarm and called the police. *Id*. A member of the San Mateo County Gang Intelligence Unit later recognized Davis from a still photo captured from surveillance footage, and the cashier identified Davis as the robber from a photographic line-up. *Id.* ¶ 55.

On October 3, 2012, Davis pled guilty to Counts One, Twenty-Eight, and Twenty-Nine pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). *See* Dkt. No. 1606-3. In the plea agreement, Davis agreed that the elements of Count Twenty-Eight, charging Hobbs Act robbery, were that he "intentionally induced the victim to depart with property by the wrongful use of actual or threatened force, violence, or fear, *i.e*., robbery," and that the robbery affected interstate commerce. *Id*. at 2. Davis also agreed that the elements of Count Twenty-Nine, charging 18 U.S.C. § 924(c), were that he "knowingly committed a crime of violence for which [he] may be prosecuted in a court of the United States, *i.e*., Hobbs Act robbery charged in Count Twenty-Eight of this Indictment," and he "knowingly used a firearm during and in relation to, or possessed a firearm in furtherance of Count Twenty-Eight." *Id.*[2]

---

[1] Section 924(c) provides mandatory minimum penalties for conduct involving a firearm in relation to a crime of violence. Section 924(c)(3) defines a "crime of violence" as a felony offense that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Paragraph (A) is referred to as the "force" clause and Paragraph (B) as the "residual" clause.

[2] Defendant's motion notes that the superseding indictment charged, and that defendant agreed in the plea agreement, that the elements of the 924(c) count were the "use" or "possession" of a firearm, rather than "brandishing" a firearm. *See* Dkt. No. 1606 at 3 n.1; Dkt. No. 1606-3 at 2. The mandatory minimum prison term for "use" or "possession" is 5 years. 18 U.S.C.

The PSR found that Davis's offense level for Counts One and Twenty-Eight was 17 (with acceptance of responsibility), and that Davis had a criminal history category of VI. *Id*. ¶¶ 62-74, 81-89. The resulting sentencing range was 51 to 63 months. *Id*. ¶ 115. The PSR concluded that for Count Twenty-Nine "[t]he period of imprisonment must be at least 7 years but may not exceed Life, consecutive to Counts One and Twenty-Eight." *Id*. ¶ 114.

On January 29, 2013, this Court sentenced defendant for the three counts to which he had pled guilty. Dkt. No. 1606-1. The Court imposed a total term of imprisonment of 135 months, consisting of "51 months on each of Counts One and Twenty-Eight (to run concurrently to each other), and 84 months on Count Twenty-Nine, to run consecutively to Counts One and Twenty-Eight." *Id*. at 2. Defendant has been in federal custody since May 24, 2012, and has served over 52 months of his sentence.

## LEGAL STANDARD

A prisoner in custody under sentence of a federal court who wishes to attack collaterally the validity of his conviction or sentence must do so by filing a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the court which imposed the sentence. 28 U.S.C. § 2255(a). Under 28 U.S.C. § 2255, the federal sentencing court is authorized to grant relief if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *See Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). If the court finds that relief is warranted under § 2255, it must "vacate and set the judgment aside" and then do one of four things: "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b); *United States v. Barron*, 172 F.3d 1153, 1157 (9th

---

§ 924(c)(1)(A)(i). In its opposition, the government responds that in paragraph 2 of the plea agreement, Davis admitted to conduct that constituted "brandishing" a firearm, and in paragraph 7, Davis agreed that "Count Twenty-Nine required the imposition of a mandatory minimum 84-month term of imprisonment consecutive to any other term of imprisonment" as required when a firearm is "brandished." Dkt. No. 1606-3 ¶¶ 2c, 7g; 18 U.S.C. § 924(c)(1)(A)(ii). Davis does not contend that his conviction or sentence should be set aside due to this apparent discrepancy.

Cir. 1999).

## DISCUSSION

Defendant has filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 based on the Supreme Court's decision in *Johnson v. United States*, 576 U.S.___, 135 S. Ct. 2551 (2015) ("*Johnson II*"). In *Johnson II*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. Davis was not sentenced under the residual clause of the ACCA. However, Davis asserts that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague for the same reasons that the *Johnson II* court held the residual clause of the ACCA deficient. Defendant also contends that a Hobbs Act robbery is not a crime of violence under the "force" clause of § 924(c)(3)(A) because Hobbs Act robbery requires only *de minimis* use of force.

The government opposes defendant's § 2255 motion on numerous grounds. First, the government contends that Davis's plea agreement waived his right to file a collateral attack on his sentence. Second, the government argues that defendant's claim that Hobbs Act robbery is not a crime of violence under the "force" clause of § 924(c)(3)(A) is untimely because defendant's motion was not filed within one year after his conviction became final. The government argues that *Johnson II* did not overrule the Ninth Circuit's holding in *United States v. Mendez*, 992 F.2d 1488 (9th Cir. 1993), that Hobbs Act robbery qualifies as a crime of violence under the "force" clause of 18 U.S.C. § 924(c)(3)(A). Thus, the government contends that even if this motion is properly before the Court, *Mendez* is binding and dispositive. Third, the government argues that because this Court is bound by *Mendez*'s holding that Hobbs Act robbery is a qualifying predicate under the "force" clause, the Court need not consider whether this crime also qualifies as a predicate offense under § 924(c)'s residual clause. Finally, the government contends that if the Court reaches Davis's vagueness challenge, the residual clause of 18 U.S.C. § 924(c) is not unconstitutionally vague and Hobbs Act robbery meets its definition of a crime of violence.

The Court agrees with the government that *Mendez* is controlling, and thus the Court finds it unnecessary to address the other issues raised by the parties. In *Mendez*, the Ninth Circuit held

4

that conspiracy to commit Hobbs Act robbery is a "crime of violence" under the residual clause of 18 U.S.C. § 924(c). *Mendez*, 992 F.2d at 1491. In reaching that holding, the court stated,

> Robbery indisputably qualifies as a crime of violence. *See* 18 U.S.C. § 1951(b)(1) (containing element of "actual or threatened force, or violence"). We determine today that conspiracy to rob in violation of § 1951 "by its nature, involves a substantial risk that physical force . . . may be used in the course of committing the offense." § 924(c)(3)(B).

*Id*. The court also noted that "Section 924(c)(3) defines a 'crime of violence' as any felony that: '(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another . . . .'" *Id*. at 1481.

Defendant dismisses the sentence "Robbery indisputably qualifies as a crime of violence," as "pure dictum." The Court disagrees. The Ninth Circuit found that Hobbs Act robbery is a crime of violence because it contains the element of actual or threatened force, or violence. That finding was essential to its holding that a conspiracy to commit Hobbs Act robbery is also a crime of violence under § 924(c)'s residual clause. Defendant does not cite any intervening authority undermining the holding in *Mendez* that Hobbs Act robbery qualifies as a crime of violence under the force clause, and thus this Court is bound by *Mendez*. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc) (holding district courts and circuit panels must follow circuit precedent unless intervening higher authority "is clearly irreconcilable with our prior circuit authority"). Indeed, defendant does not cite any case law from any jurisdiction holding that Hobbs Act robbery is not a crime of violence under the force clause.[3]

The Court also notes that numerous courts have held after *Johnson II* that Hobbs Act robbery is a "crime of violence" under § 924(c)'s force clause. *See, e.g.*, *United States v. Hill*, 832 F.3d 135, 144 (2d Cir. 2016) ("[W]e agree with the Ninth Circuit, [citing *Mendez* and *United*

---

[3] Instead, defendant cites cases involving common-law robbery and other non-Hobbs Act statutes. *See, e.g.*, *United States v. Parnell*, 818 F.3d 974 (9th Cir. 2016) (armed robbery under Massachusetts law); *United States v. Jones*, 830 F.3d 142 (2d Cir. 2016) (New York common-law robbery), *vacated*, ___ F.3d ___, 2016 WL 5791619 (2d Cir. Oct. 3, 2016)). *Jones* was vacated pending the Supreme Court's disposition in *Beckles v. United States*, No. 15-8544. Because the Court finds *Mendez* controlling, the Court finds unpersuasive defendant's reliance on case law that does not involve the Hobbs Act.

5

*States v. Howard*, 650 Fed. App'x 466 (9th Cir. May 23, 2016)[4]] that Hobbs Act robbery 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.' 18 U.S.C. § 924(c)(3)(A)."); *In re Saint Fleur*, 824 F.3d 1337, 1340 (11th Cir. 2016) (denying permission to file a second or successive § 2255 motion raising a *Johnson II* challenge to § 924(c)(3)(B)'s residual clause because "Hobbs Act robbery . . . clearly qualifies as a 'crime of violence' under the use-of-force clause in § 924(c)(3)(A)."); *United States v. Taylor*, ___ F. Supp. 3d ___, Criminal No. 1:06-cr-430; Civil Action No. 1:16-cv-743, 2016 WL 4718948, at *11-*13 (E.D. Va. Sept. 8, 2016) (denying § 2255 motion raising a *Johnson II* challenge and holding Hobbs Act robbery is a crime of violence under the force clause, citing *Mendez* and other circuit cases); *United States v. Pena*, 161 F. Supp. 3d 268, 284 (S.D.N.Y. 2016) (denying motion to dismiss § 924(c) sentencing enhancement counts based on *Johnson II*, and holding Hobbs Act robbery cannot be accomplished without use or threat of force and therefore is a crime of violence); *United States v. Barrows*, Case No. 2:13-cr-00185-MMD-VCF, 2016 WL 4010023, at *2-*3 (D. Nev. Jul. 25, 2016) (same); *United States v. Acosta*, 07-CR-1150 (VM);16-CV-4525 (VM), 2016 WL 3866377, at *3 (S.D.N.Y. Jul. 6, 2016) ("This Court joins other courts that have considered the issue and have held that Hobbs Act Robbery is a 'crime of violence' under the force clause of 18 U.S.C. Section 924(c)(3)(A)."); *United States v. McCallister*, Crim. Action No. 15-0171 (ABJ), 2016 WL 3072237, at *1 (D.D.C. May 31, 2016) ("In this opinion, the Court joins the chorus of judges declaring that a robbery in violation of the Hobbs Act is a 'crime of violence' for purposes of 18 U.S.C. § 924(c)."); *see also United States v. Farmer*, 73 F.3d 836, 842 (8th Cir. 1996) (concluding that Hobbs Act robbery "has as an element the use, attempted use,

---

[4] In *Howard*, the Ninth Circuit issued an unpublished opinion rejecting the argument that "because Hobbs Act robbery may also be accomplished by putting someone in 'fear of injury,' 18 U.S.C. § 1951(b), it does not necessarily involve 'the use, attempted use, or threatened use of physical force.'" *Howard*, 650 Fed. App'x at 468. The Ninth Circuit reiterated its holding in *Mendez* that "Hobbs Act '[r]obbery indisputably qualifies as a crime of violence' under [18 U.S.C.] § 924(c)." *Id*. The *Howard* court then discussed *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990), in which the Ninth Circuit held that the federal bank robbery statute, which may be violated by "force and violence, or by intimidation," qualifies as a crime of violence under U.S.S.G. § 4B1.2, which contains a nearly identical definition of "crime of violence" as § 924(c). *Id*. The *Howard* court held that "[b]ecause bank robbery by 'intimidation' . . . qualifies as a crime of violence, Hobbs Act robbery by means of 'fear of injury' also qualifies as crime of violence." *Id*.

or threatened use of physical force against the person of another" such that it qualifies as a "serious violent felony" under 18 U.S.C. § 3559(c)).

Accordingly, the Court concludes that Hobbs Act robbery is a "crime of violence" under § 924(c)'s force clause and DENIES defendant's § 2255 motion.

## CONCLUSION

The Court DENIES defendant's § 2255 motion, and DENIES a certificate of appealability, finding that this is not a case in which reasonable jurists would find this Court's assessment of the constitutional claims debatable or wrong. *See* 28 U.S.C. § 2253(c)(1)(B).

**IT IS SO ORDERED**.

Dated: November 2, 2016

SUSAN ILLSTON
United States District Judge