UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PETER DAVIS,<br><br>　　　　　Defendant. | Case No. 12-cr-00119-SI-1<br><br>**ORDER DENYING DEFENDANT PETER DAVIS' MOTION FOR COMPASSIONATE RELEASE**<br><br>Re: Dkt. No. 1751 |

Defendant Peter Davis has filed a motion for compassionate release. For the reasons set forth below, the Court DENIES defendant's motion.

**DISCUSSION**

Defendant Peter Davis pled guilty to one count of RICO conspiracy pursuant to 18 U.S.C. § 1962(d), one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); and one count of use/possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). Mr. Davis is currently serving a 135-month sentence at USP Thomson, and his projected release date is August 23, 2022. Mr. Davis is 34 years old.

Defendant has filed a motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). As amended by the First Step Act, that statute provides:

> [T]he court, upon motion of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the

factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –

(i) extraordinary and compelling reasons warrant such a reduction

. . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id*.

Defendant asserts that he has shown "extraordinary and compelling" reasons for compassionate release because he has numerous medical conditions, including severe obesity, that make him particularly vulnerable to developing complications from COVID-19. Defendant requests that the Court reduce his sentence to time served and to order his immediate release into home confinement with his wife, subject to a special condition of supervised release requiring electronic monitoring.

The government acknowledges that defendant has shown "extraordinary and compelling" reasons based on his medical issues, particularly his severe obesity. However, the government contends that defendant is a danger to society because of his past gang membership and the seriousness of his offenses, including that defendant admitted that he committed an armed robbery during which he pointed a semi-automatic firearm at a store clerk. The government also notes that defendant has been found guilty of numerous disciplinary infractions in prison, including *inter alia*, fighting with another inmate in December 2019 and several instances of possession of a dangerous or homemade weapon *See* Dkt. No. 1752-17 (Chronological Disciplinary Record detailing disciplinary charges and findings).

The Court has carefully reviewed the parties' papers and concludes that compassionate release is not warranted. The Court is very concerned about the spread of COVID-19 in the federal prison system, and the Court recognizes that defendant's medical conditions place him at greater risk of developing complications if he were to contract the virus. However, the Court is also very troubled by defendant's disciplinary record in prison, which includes several violations for fighting, several violations for possessing a dangerous weapon, and a violation for making a threat of bodily harm. Based upon the record before the Court, the Court finds that defendant has not shown that he

2

would not be a danger to the community if he were released.

Accordingly, the Court DENIES defendant's motion. This denial is without prejudice to renewal if defendant's health significantly deteriorates.

**IT IS SO ORDERED**.

Dated: July 27, 2020

SUSAN ILLSTON
United States District Judge